IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT BAULDWIN, | ) | CASE NO. 8:07CV37 |
| Plaintiff, | ) | |
| V. | ) | MEMORANDUM AND ORDER |
| UNITED STATES POST OFFICE, and CHRIS CHRISTIANSEN, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Substitution of the United States of America as Defendant and to Dismiss. The first part of the motion seeks to substitute the United States as defendant in place of the United States Post Office and its employee, Chris Christiansen. The Plaintiff, Robert Bauldwin, has not opposed the motion to the extent it seeks substitution, and he has not made any argument that Chris Christiansen should remain as a defendant in his individual capacity. Pursuant to 39 U.S.C. § 409(c), the United States Postal Service ("USPS") may not be sued directly in tort. Rather, tort actions against the United States Postal Service must be asserted in the manner set forth in the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 2671 et seq. The FTCA states that tort actions against federal agencies and against the USPS must be pursued against the United States of America. 28 U.S.C. § 2679(a). Accordingly, the motion for substitution will be granted, and the United States of America shall be substituted as the Defendant in this action in place of the United States Post Office and Chris Christiansen.

The second part of the motion seeks dismissal of the Complaint based on the Court's lack of subject matter jurisdiction. The United States of America asserts its

sovereign immunity from suit, and contends, therefore, that this Court lacks subject matter jurisdiction over the claims raised in Bauldwin's Complaint. Bauldwin has filed a written opposition to the motion to dismiss. (Filing No. 9).

Sovereign immunity means that "the United States may not be sued without its consent . . .." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "[T]he existence of [the United States'] consent is a prerequisite for jurisdiction" in this Court. *Id. See also Lane v. Pena*, 518 U.S. 187 (1996), *United States v. Sherwood,* 312 U.S. 584, 586 (1941). Consent can be given in whole or in part.

Congress has enacted laws that permit the United States Postal Service to sue and be sued in its own name under certain circumstances, but those circumstances exclude actions that are based in tort. 39 U.S.C. § 409(c). When an action sounds in tort, then that action must be brought, if at all, pursuant to the FTCA. According to the FTCA, the United States has consented to being sued in federal district courts for certain actions "arising out of wrongful and negligent act[s] or omission[s] of any employee of the Government." 28 U.S.C. §1346(b). However, the United States has not consented to being sued for all such actions. 28 U.S.C. § 2680(a)-(n). Rather, certain categories of torts are excluded from the FTCA, including "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Because claims such as Bauldwin's claim against the USPS are expressly excluded from the FTCA, the United States of America has not consented to being sued for such matters. Without the government's consent to being sued for claims arising out of the loss, miscarriage or negligent transmission of postal materials, this Court lacks subject matter jurisdiction over Bauldwin's claim, and the Defendant's motion to dismiss must be granted.

The Affidavit of Brent Kotschwar (Filing No. 8), who is the Tort Claims Coordinator for the Central Plains District of the USPS, may include some helpful information for Bauldwin. Kotschwar states that as of January 25, 2007, he could find no record of an administrative tort claim filed on behalf of Bauldwin. In Bauldwin's response, he states that he completed "another claim form on 3-7-07." Because this Court lacks jurisdiction to hear Bauldwin's claims, the administrative tort claim procedure administered by the Post Office may offer an avenue for relief that this Court cannot.

IT IS ORDERED:

1. The Defendants' Motion for Substitution of Parties and to Dismiss (Filing No. 6) is granted as follows:

    a. The United States of America is hereby substituted as Defendant for the previously-named defendants, United States Post Office and Chris Christiansen, and the caption will be changed in the judgment;

    b. The Motion to Dismiss based on the Court's lack of subject matter is granted;

2. The Complaint is hereby dismissed with prejudice for lack of subject matter jurisdiction; and

3. A separate judgment shall be filed.

DATED this 6th day of July, 2007.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge